DECISION
These are two consolidated applications for post-conviction relief by the same petitioner.
The petitioner was convicted of first degree murder after trial by jury and was sentenced to imprisonment for life at the Adult Correctional Institution on June 19, 1985. His conviction was affirmed on appeal to the Supreme Court on June 3, 1987.State v. Brennan, 526 A.2d 483 (R.I. 1987).
In Michael A. Brennan v. George Vose, Jr., C.A. No. PM 95-2996, the petitioner, in a pro se petition filed on June 19, 1995, alleges that his assistance of counsel at trial was ineffective in violation of pertinent constitutional standards. That petition also alleges that there were a number of trial errors of law, all of which were considered and rejected by the Supreme Court in State v. Brennan, supra.
In the meantime, through counsel, on June 20, 1995, the petitioner filed another petition for post conviction relief now captioned Michael Brennan v. State of Rhode Island, C.A. No. PM 95-3399. In that petition the petitioner alleged that his Fourth Amendment rights were violated by his arrest and that evidence seized during his custody was unconstitutionally seized and should have been suppressed; that he was denied his constitutional right of confrontation of the witnesses against him; that he was denied effective assistance of counsel; and that he was denied a trial by a fair and impartial jury. Also he alleged that the Supreme Court on his appeal had overlooked material matter in the record of his trial.
The petitioner has waived any claim for relief based on his allegations that his arrest in a dwelling house was without a warrant and without his consent. That issue was originally raised on appeal, but was not considered because it had not been raised by trial counsel before the trial court. State v. Brennan, supra, 526 A.2d, at 487. The petitioner's waiver is understandable considering State v. Brennan, 627 A.2d 842 (R.I. 1993).
The petitioner further claims that his defense counsel denied his request to be allowed to testify in his own defense, when two inmates of the Adult Correctional Institution testified against him. He also wanted to rebut the testimony of other witnesses for the State on other relatively minor issues. His testimony that his defense trial counsel refused to allow him to testify was categorically denied by that lawyer. His defense attorney testified credibly at hearing that the decision not to testify was made by the petitioner, who did not want to testify. The petitioner knew full well that decision was his according to his trial lawyer's testimony. I believe counsel. I do not believe the petitioner. I find as a fact from conflicting evidence that the petitioner was fully aware of his right to testify in his own behalf at the trial and that he voluntarily decided not to testify without any improper influence by his counsel.
There is no need to frame a rule in this case that the trial court should have intervened in the attorney/client relationship to determine if the client has been properly advised of his rights at trial. This is a far different case from cases likeJordan v. Hargett, 34 F.3d 310 (5th Cir. 1994) and People v.Curtis, 681 P.2d 504 (Colo. 1984), where there were findings that defense counsel had refused to call the defendant as a witness in spite of the defendant's request to testify or where defense counsel exercised improper influence on the defendant's decision. Competent defense counsel often give defendants like this one advice that it is extremely dangerous for defendants in close reasonable doubt cases, based mainly on circumstantial evidence, to take the stand and subject themselves to skilled cross-examination. In this case defense counsel didn't even go that far.
It is noteworthy that courts have fashioned more than one approach to the problem of deciding whether or not a defendant has waived the right to testify or not to testify at trial. SeeBoyd v. United States, 586 A.2d 670, 675-77 (D.C. App. 1991). In addition, at least until recently, the vast majority of jurisdictions have declined to require sua sponte inquiry by the trial court. See United States v. Martinez, 883 F.2d 750, 760 (9th Cir. 1989).
The situation is not at all comparable to a defendant's plea of guilty or our equivalent, nolo contendere. Every defendant who is convicted after trial has waived one fundamental constitutional right or another. Either the defendant has waived his right to testify or his right to remain silent. No defendant can exercise both rights in the same trial. A defendant can exercise one right or the other. If his initial choice is not successful, a defendant shouldn't be allowed to have a new trial just to see if the other way round might not work better.
The petitioner next contends that he requested that his counsel challenge either for cause or peremptorally a prospective juror who disclosed a social relationship with one of the police officers involved in the investigation of the case and with the attorney for the State. The attempt to shape a randomly selected jury by the exercise of challenges is an art, not a science. The attorney for the defendant explained his reason for leaving the juror in question on the panel. With the benefit of hindsight he now feels he guessed wrong. His decision was clearly within the range of practice of professionally competent representation.
Moreover, for what it's worth, the petitioner, himself, so far from disagreeing at the time, concurred with the decision of counsel. The Court rejects as utterly incredible his testimony that he requested his defense counsel to challenge the suspect juror. The Court accepts the testimony of defense counsel that the decisions about challenges were ultimately made in consultation between him and the defendant on trial. To the extent the presence of the questioned juror alone deprived the petitioner of his right to a fair and impartial trial, he knowingly waived that right through counsel. The juror's relationship to the State's attorney was fully disclosed. The petitioner agreed with his lawyer's tactical decision to leave the juror on the panel. This claim of ineffective assistance is clearly an after-thought without any credible basis.
Finally, in his petition the petitioner requests that this Court correct an error of the Supreme Court as to whether or not his counsel made an effective offer of proof at trial, which was rejected by the trial court. Understandably, the petitioner has not pressed that ground for post-conviction relief before this Court, since this Court has no jurisdiction to overrule the Supreme Court.
On May 6, 1996, while these petitions were pending hearing, the petitioner filed an affidavit from Thomas Brennan, in which Thomas confessed to the murder of the victim in this case. He attempted to exonerate his brother, Michael, the petitioner here, and his co-defendant at the trial. Although the affidavit was signed on June 14, 1995 and its contents disclosed to the petitioner on May 1, 1995, neither petition contains any reference to the affidavit or its contents.
Thomas Brennan appeared and testified at the hearing on Michael Brennan's application for post-conviction relief. He confirmed the substance of his affidavit. Each petition will be deemed to have been amended pursuant to Rule 15(b) to include a claim for relief on the basis of newly discovered evidence.
The evidence in the affidavit is not newly "discovered." Although the petitioner may not have "discovered" that Thomas Brennan would exonerate him until May 1, 1995, he knew at the time of trial that Thomas Brennan must have known about Michael's whereabouts at the time of the killing. The evidence was not "undiscovered" at the time of trial. It was simply unavailable at the time. It is impossible to believe that Michael was not aware at the time of trial that his brother could testify, if he chose, that Michael could not have been at the crime scene.
The Court does not find the affidavit and testimony of Thomas Brennan to be worthy of any credibility. It is a patent effort at a belated fraternal sacrifice. He is utterly unworthy of belief. He was willing to let his own brother sit in jail until his own chances at early parole evaporated. He acknowledged that someone else might have been with him when he killed the victim, but he can't quite remember who it was. He knows now that the physical evidence at the crime scene indicates more than one perpetrator. He is now sure it was not his brother. There is no doubt this testimony at the trial might well have affected the verdict on the charge against Michael Brennan. It surely would have affected the verdict in the case against Thomas Brennan. Even if evidence was unavailable at the time of trial, it was as unworthy of belief then as it is now.
The petitioner argued, after the hearing, that his assistance of counsel was ineffective because of a failure by counsel to investigate the probability of guilt by a third-party, who we now know to be innocent, if Thomas Brennan's affidavit and testimony have even a glimmer of credible weight. With the benefit of Thomas Brennan's belated confession, we now know that any such investigation, as a search for truth, would have been fruitless. Even if the petitioner is faulting his defense counsel for failing to try to concoct a false defense, the claim is totally without merit.
The petitioner faults the lawyer who defended him for not consulting personally with him at greater length during the preparation for trial. This Court has reviewed the record of this trial. The defense was diligent and exhaustive. The State's evidence was challenged appropriately at every turn. What ultimately convicted the defendant was the evidence against him not any flaw in his defense. As the Supreme Court said in State v. Brennan, supra, 627 A.2d, at 846, with respect to Thomas Brennan, the petitioner's brother and co-defendant: "In addition a review of the trial transcript indicates that counsel used every opportunity to present a thorough, creative and strategic defense. The applicant received zealous representation throughout the trial." No less can be said for this applicant.
Further, during final argument, the petitioner contended his counsel was deficient because he failed to interview and call certain alibi witnesses. No evidence in any form was presented at the hearing that these witnesses would alibi the petitioner as he claims. Under the circumstances, the Court has no way to determine whether the counsel's failure to interview and call these witnesses could possibly have made any difference in the outcome of the trial.
For all the foregoing reasons both petitions are denied and dismissed.
The respondent will present final judgments for entry on notice to the petitioner.